# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

## (NORTHERN DIVISION)

| | |
|---|---|
| **ROBERT C. DEENER**<br><br>137 Fiona Way<br>Knoxville, Maryland  48334<br><br>**Plaintiff**<br><br>*v.*<br><br>**HILCO RECEIVABLES, LLC**<br><br>2711 Centerville Road, Suite 400<br>Wilmington, Delaware  19808<br><br>Serve on Resident Agent:<br>CSC-Lawyers Incorporation Service Co.<br>7 St. Paul Street, Suite 1660<br>Baltimore, Maryland  21202<br><br>*and*<br><br>**LVNV FUNDING, LLC**<br><br>7 St. Paul Street, Suite 1660<br>Baltimore, Maryland  21202<br><br>Serve on Resident Agent:<br>CSC-Lawyers Incorporation Service Co.<br>7 St. Paul Street, Suite 1660<br>Baltimore, Maryland  21202<br><br>*and*<br><br>**NORTHLAND GROUP, INC.**<br><br>7831 Glenroy Road, Suite 350<br>Edina, Minnesota 55439<br><br>Serve on Resident Agent:<br>The Corporation Trust Inc.<br>351 West Camden Street<br>Baltimore, Maryland  21201<br><br>*and* | Case No.   1:14-cv-3631<br><br><br><br>*(Complaint and*<br><br>*Demand for Jury Trial)* |

**RESURGENT CAPITAL SERVICES, LP**

55 Beattie Place, Suite 110
Greenville, South Carolina  29601

Serve on Resident Agent:
CSC-Lawyers Incorporation Service Co.
7 St. Paul Street, Suite 1660
Baltimore, Maryland  21202

*and*

**ALLIED INTERSTATE, LLC.**

12755 Highway 55, Suite 300
Plymouth, Minnesota 55441

Serve on Resident Agent:
The Corporation Trust Inc.
300 East Lombard Street
Baltimore, Maryland  21202

*and*

**EQUIFAX INFORMATION SERVICES, LLC**

1550 Peachtree Street NW
Atlanta, Georgia  30309

Serve on Resident Agent:
CSC-Lawyers Incorporating Service Co.
7 St. Paul Street., Suite 1660
Baltimore, Maryland  21202

*and*

**TRANS UNION, LLC**

1013 Centre Road
Wilmington, Deleware  19805

Serve on Resident Agent:
CSC-Lawyers Incorporating Service Co.
7 St. Paul Street., Suite 1660
Baltimore, Maryland  21202

*and*

**EXPERIAN INFORMATION
SOLUTIONS, INC.**

505 City Parkway, West
Orange, California 92668

Serve on Resident Agent:
The Corporation Trust Inc.
351 West Camden Street
Baltimore, Maryland  21201-7912

**Defendants**

---

### COMPLAINT

and

### DEMAND FOR JURY TRIAL

---

Plaintiff Robert C. DEENER; by his attorneys Phillip R. Robinson of the CONSUMER

LAW CENTER, LLC, Scott C. Borison of the LEGG LAW FIRM LLC, and Michael Gregg

Morin; sues Defendant HILCO Receivables, LLC; LVNV Funding, LLC; Northland Group,

Inc.; Resurgent Capital Services, LP; Allied Interstate, LLC; Equifax Information Services,

LLC; Trans Union, LLC; Experian Information Solutions, LLC; and states:

### INTRODUCTION / BACKGROUND

This case evolves from illegal consumer debt collection activity in Maryland.  The

plaintiff is a member of the Class approved by the U.S. District Court for the District of

Maryland in a class action, *Wayne Bradshaw v. HILCO Receivables, LLC,* U.S. District

Court for the District of Maryland, case no. 1:10-CV-00113-RDB ("**HILCO Class Action**").  The HILCO Class Action addressed multiple Maryland debt collection cases filed by HILCO including the claim of HILCO Receivables, LLC ("**HILCO**") against Robert Deener ("**DEENER**").  This Court entered partial summary judgment as to liability and the matter then settled.  The parties executed a Settlement Agreement that was approved by this Court.  HILCO has now breached the Settlement Agreement forcing DEENER to again return to this Court.

Although not licensed as a collection agency as required by the Maryland Collection Licensing Agency Licensing Act, MD. CODE ANN., BUS. REG., §§ 7-101, *et seq.* ("**MCALA**"), HILCO filed three debt collection lawsuits against DEENER in the District Court of Maryland, each lawsuit asserting the same identical claim against DEENER.  The Settlement Agreement in the HILCO Class Action required HILCO to dismiss <u>with prejudice</u> a number of open claims including its claims against DEENER.  HILCO failed to dismiss its claims against DEENER; rather, it had one of the debt collection lawsuits reduced to a judgment and then subsequently assigned its claim against DEENER to LVNV Funding, LLC ("**LVNV**").

LVNV, through its agents, now asserts that it owns the HILCO claim against DEENER, the same claim asserted by HILCO and the same claim that this Court ordered dismissed with prejudice.  DEENER seeks a declaration that the claim does not now exist; a declaration that the judgment against DEENER is void pursuant to *Finch v. LVNV Funding, LLC,* 212 Md.App. 748, *cert. denied*, 435 Md. 266 (2013); a declaration that DEENER

does not owe any of the Defendants any sum; and a money judgment against the Defendants for their continuing and willful conduct

Additionally, DEENER reviewed his credit file with each of the three primary credit-reporting agencies ("**CRA**").  DEENER noted errors in each of the records relating to him and insisted that each of the CRAs correct records related to him.  Each of the CRAs failed to reinvestigate as required by the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("**FCRA**") and each refused to correct and failed to correct its file on DEENER.  Each of the CRAs continues to report inaccurate information concerning DEENER and fails to report that the information is disputed by DEENER.  DEENER continues to suffer damages as the direct result of the CRAs' violation of the FCRA.

## PARTIES

1.     Plaintiff Robert C. Deener ("**DEENER**") is a natural person and resident of Maryland.

2.     Defendant HILCO Receivables, LLC ("**HILCO**") is, upon information and belief, a Delaware limited liability company with its principal place of business at 2711 Certerville Road, Wilmington, Delaware; is registered to do business in Maryland (SDAT ID:  Z15054216); and is licensed by Maryland as a Collection Agency.

3.     Defendant LVNV Funding, LLC ("**LVNV**") is, upon information and belief, a Delaware limited liability company with its principal place of business, as registered with

the Maryland Department of Assessments and Taxation, at 7 St. Paul Street, Baltimore, Maryland (Z11850658); and licensed by Maryland as a Collection Agency.

4.     Defendant Northland Group, Inc. ("**NORTHLAND**") is, upon information and belief, a Delaware corporation with its principal place of business located at 7831 Glenroy Road, Edina, Minnesota; is registered to do business in Maryland (SDAT ID: F14086961); and is licensed by Maryland as a Collection Agency.

5.     Defendant Resurgent Capital Services, LP ("**RESURGENT**") is, upon information and belief, a Delaware limited liability partnership with its principal place of business located at 55 Beattle Place, Greenville, South Carolina; is registered to do business in Maryland (SDAT ID:  P05473855); and is licensed by Maryland as a Collection Agency.

6.     Defendant Allied Interstate, LLC ("**ALLIED**") is, upon information and belief, a Minnesota limited liability company with its principal place of business located at 12755 Highway 55, Plymouth, Minnesota; is registered to do business in Maryland (SDAT ID: Z14578124); and is licensed by Maryland as a Collection Agency.

7.     Defendant Equifax Information Services, LLC ("**EQUIFAX**") is, upon information and belief, a Georgia limited liability company with its principal place of business at 1550 Peachtree Street, NW, Atlanta, Georgia; is registered to do business in Maryland (SDAT ID:  Z06334684); and is licensed by Maryland as a Consumer Reporting Agency.

8.     Defendant Trans Union, LLC ("**TRANS UNION**") is, upon information and belief, a Delaware limited liability company with its principal place of business at 1013

Centre Road, Willmington, Deleware; is registered to do business in Maryland (SDAT ID: Z05199849); and is licensed by Maryland as a Consumer Reporting Agency.

9.      Defendant Experian Information Solutions, Inc. ("**EXPERIAN**") is, upon information and belief, an Ohio corporation with its principal place of business at 505 City Parkway West, Orange, California; is registered to do business in Maryland (SDAT ID: F04510434); and licensed by Maryland as a Consumer Reporting Agency.

### JURISDICTION & VENUE

10.     This Court has jurisdiction in light of the federal questions presented under the Fair Debt Collection Practices Act (28 U.S.C. § 1331, *et seq.*).

11.     This Court has jurisdiction as the Final Judgment in *Wayne A. Bradshaw v. HILCO Receivables, LLC*, civil case no. 1:10-cv-00113-RDB mandated that this Court retained jurisdiction over all controversy between HILCO and class members.  A copy of the Final Judgment is attached as **Plaintiff's Exhibit No. 1**.

12.     This Court has jurisdiction since the parties are diverse, the amount in controversy exceeds $75,000, and the attorney fees likely to be incurred in this action through trial will exceed $75,000 (28 U.S.C. § 1332(a)(1); *see also, Williams v. Bank of New York Mellon*, CIV. CCB-13-680, 2013 WL  2422895 (D. Md. 2013)).

13.     This Court also has supplemental authority for the Plaintiff's state law claims related to his federal claims pursuant to 28 U.S.C. § 1367.

14.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b)(2) since a substantial part of the events giving rise to the action occurred in the State of Maryland.

## AVERMENTS

15.     On all dates relevant to this litigation, DEENER was a consumer.

16.     On all dates relevant to this litigation, the debt alleged to be owed by DEENER to one or more of the Defendants was consumer debt in that the alleged debt was for personal and/or family purposes ("**DEENER Debt**").

17.     HILCO has conducted collection of consumer debts in Maryland — consumer debt acquired when in default — since May 1999.

18.     HILCO acquired the DEENER Debt while the debt was alleged to be in default.

19.     HILCO acquired the DEENER Debt while HILCO was not licensed by Maryland as a collection agency.

20.     LVNV has conducted collection of consumer debts in Maryland — consumer debt acquired while in default — since 2005.

21.     Prior to 18 February 2010, LVNV had not been licensed by Maryland as a collection agency.

22.     On 17 September 2009, Wayne A. Bradshaw filed a putative class action against HILCO in the Circuit Court for Frederick County, to wit:   *Wayne A. Bradshaw v. HILCO Receivables, LLC*, civil case no. 10-C-09-003612 ("**HILCO Class Action**").

23.     HILCO was not licensed as a collection agency by Maryland on 17 September 2009.

24.     The HILCO Class Action initially identified the potential class as "comprised of all persons in the State of Maryland, who within three years prior to the filing of the initial complaint were contacted by the Defendant [HILCO] in connection with any effort to collect a debt."

25.     The final class definition approved by the Court in the HILCO Class Action was:  "All persons who, from September 17, 2006 through May 19, 2010 were sued by the Defendants in the State of Maryland to collect a debt.  Excluded from the class is any person whose account is no longer owned by Defendants and any person who filed for bankruptcy protection."  Final Order and Judgment, 29 May 2012 (Plt. Exh. 1).

26.     In general, the HILCO Class Action sought a remedy on a class basis for HILCO's continuing violation of the Maryland Collection Agency Licensing Act ("**MCALA**") and other consumer protection statutes.

27.     On 15 January 2010, HILCO removed the HILCO Class Action to the United States District Court for the District of Maryland, to wit:  *Wayne A. Bradshaw v. HILCO Receivables, LLC*, civil case no. 1:10-cv-00113-RDB.

28.     On 20 April 2010, HILCO sued DEENER in the District Court for Frederick County alleging a consumer debt of $1,839.61, to wit:  *HILCO Receivables, LLC v. Robert C. DEENER,* case no. 1101-0001958-2010 ("**HILCO Collection #1**").

29.     As of 20 April 2010, HILCO was not licensed by Maryland as a collection agency.

30.     HILCO Collection #1 was filed seven months after the HILCO Class Action was filed; was filed more than three months after HILCO removed the HILCO Class Action to federal court; and was filed months before HILCO became licensed, pursuant to MCALA, for the first time as a collection agency.

31.     As of 20 April 2010, DEENER was a potential class member of the HILCO Class Action as the definition of the class included DEENER and HILCO's claim against DEENER.

32.     HILCO had been aware of the potential class members in the HILCO Class Action since late September 2009.

33.     On 18 June 2010, the District Court of Maryland dismissed HILCO Collection #1.

34.     On 27 July 2010, the U.S. District Court entered an order granting partial summary judgment as to liability in favor of the potential class members and against HILCO on the issue of liability.

35.     As of 27 July 2010, HILCO was aware of this Court's order granting partial summary judgment and the fact that DEENER would be a member of the class unless DEENER elected not to be a member of the class.

36.     On 3 January 2011, HILCO again sued DEENER in the District Court for Frederick County alleging a consumer debt of $1,839.61, to wit: *HILCO Receivables, LLC v. Robert C. DEENER,* case no. 1101-0000033-2011 ("**HILCO Collection #2**").

37.     The claim in HILCO Collection #2 was the same claim made by HILCO in HILCO Collection #1.

38.     As of 3 January 2011, HILCO was not licensed by Maryland as a collection agency.

39.     On 16 May 2011, the District Court of Maryland refused to enter judgment by affidavit in HILCO Collection #2.

40.     As of the date of this litigation, HILCO Collection #2 remains an open and active case; however, no judgment has been entered.

41.     As an open and active case, HILCO Collection #2 continues to be a negative aspect of DEENER's credit history.

42.     On 19 September 2011, the U.S. District Court issued an order requiring HILCO to provide the status of all cases and accounts within the class definition.

43.     On 14 November 2011, HILCO again sued DEENER in the District Court for Frederick County alleging a consumer debt of $1,839.61, to wit: *HILCO Receivables, LLC v. Robert C. DEENER,* case no. 1101-0005595-2011 ("**HILCO Collection #3**").

44.     The claim in HILCO Collection #3 was the same claim made by HILCO in HILCO Collection #1 and HILCO Collection #2.

45.     HILCO filed HILCO Collection #3, rather than merely continue HILCO Collection #2, in order to have a "clean case" by concealing the fact that a Maryland judge had refused to enter a judgment against DEENER.

46.     HILCO again demanded that the District Court of Maryland enter an Affidavit Judgment against DEENER.

47.     During the period 9 August 2011 – 10 February 2012, HILCO engaged in settlement negotiations in the HILCO Class Action.

48.     During the period 9 August 2011 – 10 February 2012, HILCO's claim against DEENER was included in the settlement negotiations.

49.     On 20 January 2012, the District Court entered judgment in favor of HILCO and against DEENER in HILCO Collection #3.

50.     The 20 January 2012 judgment in HILCO Collection #3 was for $1,839.61 plus costs of $68.00 and "other amounts" of $110.37.

51.     The 20 January 2012 judgment was void *ab initio* pursuant to *Finch v. LVNV Funding, LLC,* 212 Md.App. 748, *cert. denied*, 435 Md. 266 (2013) as HILCO was not licensed as a collection agency by Maryland on either the date that the HILCO Collection #3 was filed or the date that the court entered an affidavit judgment.

52.     On 10 February 2012, the parties in the HILCO Class Action, including HILCO, moved for approval of a settlement of the HILCO Class Action.

53.     The proposed settlement agreement included HILCO's <u>claim</u> against DEENER as pled in HILCO Collection #1, HILCO Collection #2, and HILCO Collection #3.

54.     On 29 May 2012, the U.S. District Court entered a final judgment in the HILCO Class Action ("**Class Action Judgment**") and approved the proposed settlement agreement ("**Settlement Agreement**").  (A copy of the Settlement Agreement is attached as **Plaintiff's Exhibit No. 2**.)

55.     The terms and conditions of the Settlement Agreement and the Class Action Judgment included, but are not limited to:

55.1.   HILCO would "[c]ease prosecution of and agree to a dismissal with prejudice of any pending lawsuit filed in the State of Maryland that is not yet reduced to judgment as of the effective date against a Class Member and as to those applicable accounts where judgment has been entered"; and

55.2.   HILCO would "[r]equest deletion of any derogatory information reported on any class member's credit report by [HILCO] to each of the major credit bureaus (Transunion, Equifax, and Experian) with respects to the accounts that are the subject of this settlement"; and

55.3.   HILCO would "[r]epresent and warranty that it has not sold the accounts of the Class Members and **nor will it sell or transfer the Class Member accounts at any time** and a representation by [HILCO] as to the value of the claims being dismissed to be filed under seal".  [emphasis added]

56.     The Class Action Judgment included HILCO's claim against DEENER.

57.     Despite the Settlement Agreement and Class Action Judgment, HILCO has never dismissed the HILCO Collection #2 against DEENER; it remains open as of the date of this litigation.

58.     On 28 June 2013, the Maryland Court of Special Appeals issued its decision in *Finch v. LVNV Funding, LLC,* 212 Md.App. 748 (2013).  LVNV asked for reconsideration of the *Finch* decision which was denied on 3 September 2013.  LVNV sought further review of *Finch* by the Maryland Court of Appeals.  The Court of Appeals declined to review *Finch* on 8 October 2013.

59.     Subsequent to 28 June 2013, HILCO has reused and failed to void its judgments acquired while HILCO was unlicensed including the judgment entered in HILCO Collection #3.

60.     Despite the Settlement Agreement, Class Action Judgment, and *Finch v. LVNV Funding, LLC*, HILCO sold or transferred its claim against DEENER to LVNV.

61.     On or about 1 April 2014, LVNV, through its agents RESURGENT and AL-LIED, wrote to DEENER asserting that LVNV now owned the DEENER Debt and threatening to report the debt to credit agencies unless DEENER paid the debt.

62.     Also on or about 1 April 2014, LVNV, through its agent NORTHLAND, wrote to DEENER asserting that LVNV now owned the DEENER Debt and attempted to collect upon the DEENER Debt.

63.     Despite the Settlement Agreement, Class Action Judgment, and *Finch v. LVNV Funding, LLC*, HILCO has not vacated the judgment entered in HILCO Collection

#3 and has not dismissed the HILCO Collection #3 against DEENER; the case remains an open case with an open judgment against DEENER.

64.     DEENER obtained copies of his credit files from EQUIFAX, TRANS UNION, and EXPERIAN.

65.     DEENER confirmed that each of his credit files; *i.e.,* his EQUIFAX, TRANS UNION, and EXPERIAN files; contained negative information regarding his alleged debt to HILCO.

66.     In a good faith effort to resolve the problem, DEENER wrote to each of the three major credit reporting agencies (*i.e.,* EQUIFAX, TRANS UNION, and EXPERIAN) and HILCO on 18 March 2014 asking that the matter be resolved pursuant to the terms of the Settlement Agreement and that the false credit information be expunged.

67.     In each of his 18 March 2014 letters to EQUIFAX, TRANS UNION, and EX-PERIAN, DEENER requested that the CRA investigate information concerning the alleged debt to HILCO; investigate the alleged judgment in favor against DEENER and in favor of HILCO; and respond to DEENER within the time-frame required by the FCRA.

68.     DEENER attached a copy of the Class Settlement Agreement and Release to each of his 18 March 2014 dispute letters to the three major CRAs and HILCO.

69.     HILCO ignored DEENER's written dispute and has not responded as of the date of this Complaint.

70.     EQUIFAX responded to DEENER's written dispute in April 2014; however, EQUIFAX did not correct DEENER's account information and has continued to report the

illegal and void judgment entered against DEENER in DEENER's credit file with T EQUIFAX.  However, as of October 1, 2014 EQUIFAX was continuing to report the illegal and void debt claimed as a result of the HILCO Collection #3 action as a "Collection Account" and owed to LVNV.

71.    TRANS UNION responded to DEENER's written dispute on March 24, 2014; however, TRANS UNION did not correct DEENER's account information and falsely claimed that the illegal and void judgment entered against DEENER was not contained in DEENER's credit file with TRANS UNION.  However, as of October 2, 2014 TRANSUNION was continuing to report the illegal and void debt claimed as a result of the HILCO Collection #3 action as "in collections" and owed to LVNV in care of RESURGENT.

72.    EXPERIAN responded to DEENER's written dispute on March 27, 2014; however, EXPERIAN did not correct DEENER's account information and failed to note that DEENER disputed the debt and stated that HILCO's claim would remain on DEENER's credit report until January 2019 even though DEENER had disputed the judgment against him in HILCO Collection #3 as void as a matter of law and settlement agreement.  As of October 2, 2014 EXPERIAN continued to report the illegal and void judgment entered against DEENER in the HILCO Collection #3 action.

73.    As a direct and proximate result to the Defendants' actions described herein, DEENER has suffered damages and losses including:

73.1.  He has sustained out of pocket damages writing to certain of the Defendants and CRAs in good faith and incurred legal fees.

73.2.   He has been denied credit due to the judgment entered against him illegally in the HILCO Collection #3 action.   For example, Deener was denied credit by: (i) Sierra Auto Finance LLC on September 5, 2014 due to a "[n]number of public records and derogatory items;" and (ii) NTMEO FCU on August 19, 2014 for certain delinquent collections accounts.

73.3.   He has sustained increased costs of his credit as a result of the pubic judgment improperly entered HILCO Collection #3 and the open action in HILCO Collection #2.

73.4.   He has sustained damage to his reputation and standing in the community and otherwise has suffered emotional damages manifested by embarrassment, frustration, annoyance, and anger because he believed, in good faith, that the Settlement Agreement and Class Action Judgment resolved the issues described herein; however, the Defendants have simply ignored their responsibilities and DEENER's good faith notice of the issue before filing this action.

## COUNT I — DECLARATORY JUDGMENT

*Plaintiff DEENER sues Defendants HILCO, LVNV, NORTHLAND, RESURGENT, ALLIED, EQUIFAX, TRANS UNION, and EXPERIAN and states:*

74.   Plaintiff adopts by reference the averments contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

75.     There exists an actual controversy of a justiciable issue between DEENER and the Defendants within the jurisdiction of this Court involving the rights and liabilities of the parties.

76.     By virtue of the settlement agreement in *Bradshaw v. HILCO Receivables, LLC,* U.S. District Court for the District of Maryland, case no. 1:10-CV-00113-RDB, only this Court has jurisdiction concerning the illegal actions and judgment entered against DEENER and HILCO and its assigns and its assigns' agents have waived any jurisdictional defense.

77.     Antagonistic claims, as detailed *supra.*, are present between the parties and these antagonistic claims indicate imminent and inevitable litigation.

**WHEREFORE**, Plaintiff Robert C. Deener prays for a declaratory judgment for the purpose:

[I]      That this Court determine, adjudicate, and declare the rights and liabilities of the parties with respect to the debt alleged owed by DEENER to one or more of the Defendants;

[II]     That this Court determine, adjudicate, and declare the rights and liabilities of the parties with respect to the reporting of the alleged debt by credit reporting agencies;

[III]     That this Court determine and declare that the HILCO Collection #2 should have been dismissed with prejudice pursuant to the Final Judgment in *Bradshaw v. HILCO Receivables, LLC,* U.S. District Court for the District of Maryland, case no. 1:10-CV-00113-RDB;

[IV]      That this Court determine and declare that the judgment entered in HILCO Collection #3 is void *ab initio* pursuant to *Finch* or, in the alternative, void pursuant to the Final Judgment in *Bradshaw v. HILCO Receivables, LLC,* U.S. District Court for the District of Maryland, case no. 1:10-CV-00113-RDB;

[V]       That this Court determine and declare that DEENER owes no amount of money to any of the Defendants;

[VI]      That this Court determine and declare that any reporting of the alleged Deener Debt as an open and/or due debt by a credit reporting agency is a violation of the Settlement Agreement and Release approved by the Court in *Bradshaw v. HILCO Receivables, LLC,* U.S. District Court for the District of Maryland, case no. 1:10-CV-00113-RDB;

[VII]     That this Court determine and declare that any reporting of the alleged Deener Debt as an open and/or due debt by a credit reporting agency is a violation of the FCRA; and

[VIII]    That this Court award Plaintiff such other and further relief as in law and justice he may be entitled to receive including an award of reasonable

attorney fees and costs to DEENER from HILCO as permitted by the Final
Judgment.

### COUNT II — BREACH OF CONTRACT

*Plaintiff DEENER sues Defendants HILCO, LVNV, and NORTHLAND and states:*

78.     Plaintiff adopts by reference the averments contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

79.     The Settlement Agreement was a contract between HILCO and DEENER.

80.     HILCO breached the Settlement Agreement by failing to dismiss HILCO Collection #2.

81.     HILCO breached the Settlement Agreement by failing to dismiss HILCO Collection #3.

82.     HILCO breached the Settlement Agreement by failing to indicate that its judgment against DEENER was void or satisfied.

83.     HILCO further acted in bad faith by knowingly failing to respond to DEENER's correspondence of 18 March 2014 about the issues of the Deener Debt, by reporting of the Deener Debt, and by transferring or assigning his former DEENER account to LVNV.

84.     HILCO breached the Settlement Agreement by selling or transferring the DEENER Debt to a business entity other than HILCO.

85.     DEENER has incurred and will continue to incur damages due to HILCO's breach of the Settlement Agreement.

**WHEREFORE**, Plaintiff Robert C. DEENER demands judgment against Defendants HILCO Receivables, LLC; LVNV Funding, LLC; and NORTHLAND Group, Inc., jointly and severally, for

[I]        compensatory damages of $75,000;

[II]       pre-judgment interest of 6% from 30 May 2012 to the date of judgment;

[III]      the Plaintiff's reasonable attorney fees pursuant to the contract, *i.e.,* the Final Judgment;

[IV]     the costs of this litigation pursuant to the terms of the Final Judgment; and

[V]      that this Court award Plaintiff such other and further relief as in law and justice he may be entitled to receive including an award of reasonable attorney fees and costs to DEENER from HILCO which are permitted by the Final Judgment.

## COUNT III — VIOLATION OF THE MARYLAND CONSUMER DEBT COLLECTION (MCDCA)

*Plaintiff DEENER sues Defendants LVNV, RESURGENT, and ALLIED and states:*

86.    Plaintiff adopts by reference the averments contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

87.    Defendants LVNV, RESURGENT, and ALLIED continue to attempt to collect an invalid consumer debt from DEENER that they allegedly acquired from HILCO.

88.     As an assignee, Defendants LVNV, RESURGENT, and ALLIED have no more rights than their assignor, HILCO, had in the alleged debt on the date of the transfer.

89.     Each of the Defendants is a collector pursuant to the MCDCA.

90.     Each of the Defendants is a consumer debt collector and licensed by Maryland as Collection Agencies.

91.     Each of the Defendants is familiar with Maryland statutes, Rules, and appellate decisions regarding consumer debt collection.

92.     The alleged debt, the DEEMER Debt, does not exist and is otherwise invalid.

93.     The Defendants' conduct in attempting to collect the debt is prohibited by the MCDCA in that the Defendants knew or should have known that the DEENER Debt is void as a result of the Class Action Settlement and the Final Judgment in *Bradshaw v. HILCO Receivables, LLC,* U.S. District Court for the District of Maryland, case no. 1:10-CV-00113-RDB and *Finch v. LVNV Funding, LLC.*

94.     The Defendants have violated the MCDCA by threatening to disclose, and actually disclosing, information which affects DEENER's reputation for credit worthiness with the knowledge that the information is false.

95.     The Defendants have violated the MCDCA by claiming, attempting, or threating to enforce a right with knowledge that the right does not exist.  MD. CODE ANN., COM. LAW, § 14-202(8).

96.     DEENER has suffered and will continue to suffer damages due to the Defendants' willful and continuing violation of the MCDCA.

**WHEREFORE**, Plaintiff Robert C. Deener demands judgment against Defendants LVNV Funding, LLC; Resurgent Capital Services, LP; and Allied Interstate, LLC., jointly and severally, for

[I]     compensatory damages of $75,000;

[II]    the Plaintiff's reasonable attorney fees;

[III]   the costs of this litigation; and

[IV]    for such other relief as the Court may find necessary and appropriate.

## COUNT IV — VIOLATION OF THE MARYLAND CONSUMER PROTECTION ACT (MCPA)

*Plaintiff DEENER sues Defendants HILCO, LVNV, RESURGENT, and ALLIED and states:*

97.    Plaintiff adopts by reference the averments contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

98.    A violation of the MCDCA is a per se violation of the MCPA (MD. CODE ANN., COM. LAW § 13-301(14)(iii)).

99.    HILCO sold or transferred the DEENER Debt to LVNV despite the terms of the Settlement Agreement; such sale or transfer being an unfair and deceptive trade practice.

100.    LVNV, RESURGENT, and ALLIED claim sums due from DEENER which are not lawfully due and owing.

101.    DEENER has suffered and will continue to suffer damages due to the Defendants' violation of the MCPA.

**WHEREFORE**, Plaintiff Robert C. DEENER demands judgment against Defendants HILCO Receivables, LLC; LVNV Funding, LLC; RESURGENT Capital Services, LP; and AL-LIED Interstate, LLC., jointly and severally, for:

[I]        compensatory damages of $75,000;

[II]        the Plaintiff's reasonable attorney fees;

[III]        the costs of this litigation and

[IV]        for such other relief as the Court may find necessary and appropriate.

## COUNT V — VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

*Plaintiff DEENER sues Defendant EQUIFAX and states:*

102.    Plaintiff adopts by reference the averments contained in the preceding par-agraphs of this Complaint with the same effect as if herein fully set forth.

103.    Information regarding *Bradshaw v. HILCO Receivables, LLC,* U.S. District Court for the District of Maryland, case no. 1:10-CV-00113-RDB is public and accessible by EQUIFAX.

104.    EQUIFAX violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning DEENER.

105.    EQUIFAX violated 15 U.S.C. § 1681i by failing to delete inaccurate infor-mation in DEENER's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to HILCO;

by failing to maintain reasonable procedures with which to filter and verify disputed information in DEENER's credit file; and by relying upon verification from a source it has reason to know is unreliable.

106.    As a result of the conduct, action, and inaction of EQUIFAX, DEENER suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

107.    EQUIFAX's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling DEENER to recover under 15 U.S.C. § 1681o.

108.    DEENER is entitled to recover costs and attorney's fees from EQUIFAX in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and or § 1681o.

**WHEREFORE**, Plaintiff Robert C. Deener demands judgment against Defendant Equifax Information Services, LLC for

[I]        compensatory damages in an amount of not less than $40,000 to be determined by the Court;

[II]        punitive damages in an amount to be determined by the Court;

[III]        the Plaintiff's reasonable attorney fees;

[IV]        the costs of this litigation, and

[V]        the costs of this litigation.

### COUNT VI — VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

*Plaintiff DEENER sues Defendant TRANS UNION and states:*

109.   Plaintiff adopts by reference the averments contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

110.   Information regarding *Bradshaw v. HILCO Receivables, LLC,* U.S. District Court for the District of Maryland, case no. 1:10-CV-00113-RDB is public and accessible by TRANS UNION.

111.   TRANS UNION violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning DEENER.

112.   TRANS UNION violated 15 U.S.C. § 1681i by failing to delete inaccurate information in DEENER's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to HILCO; by failing to maintain reasonable procedures with which to filter and verify disputed information in DEENER's credit file; and by relying upon verification from a source it has reason to know is unreliable.

113.   As a result of the conduct, action, and inaction of TRANS UNION, DEENER suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

114.    TRANS UNION's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling DEENER to recover under 15 U.S.C. § 1681o.

115.    DEENER is entitled to recover costs and attorney's fees from TRANS UNION in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and or § 1681o.

**WHEREFORE**, Plaintiff Robert C. Deener demands judgment against Defendant Trans Union, LLC for:

[I]         compensatory damages in an amount in an amount of not less than $40,000 to be determined by the Court;

[II]        punitive damages in an amount to be determined by the Court;

[III]       the Plaintiff's reasonable attorney fees;

[IV]       the costs of this litigation, and

[V]        the costs of this litigation.


## COUNT VI — VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)

*Plaintiff DEENER sues Defendant EXPERIAN and states:*

116.    Plaintiff adopts by reference the averments contained in the preceding paragraphs of this Complaint with the same effect as if herein fully set forth.

117.    Information regarding *Bradshaw v. HILCO Receivables, LLC,* U.S. District Court for the District of Maryland, case no. 1:10-CV-00113-RDB is public and accessible by EXPERIAN.

118.    EXPERIAN violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it maintains and published concerning DEENER.

119.    EXPERIAN violated 15 U.S.C. § 1681i by failing to delete inaccurate information in DEENER's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to HILCO; by failing to maintain reasonable procedures with which to filter and verify disputed information in DEENER's credit file; and by relying upon verification from a source it has reason to know is unreliable.

120.    As a result of the conduct, action, and inaction of EXPERIAN, DEENER suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

121.    EXPERIAN's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling DEENER to recover under 15 U.S.C. § 1681o.

122.   DEENER is entitled to recover costs and attorney's fees from EXPERIAN in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n and or § 1681o.

**WHEREFORE**, Plaintiff Robert C. Deener demands judgment against Defendant Experian Information Solutions, Inc., for:

[I]      compensatory damages in an amount in an amount of not less than $40,000 to be determined by the Court;

[II]      punitive damages in an amount to be determined by the Court;

[III]      the Plaintiff's reasonable attorney fees;

[IV]      the costs of this litigation, and

[V]      the costs of this litigation.

For the Plaintiff:

*/s/ Phillip R. Robinson*
Phillip R. Robinson
Fed. Bar. No. 27824
CONSUMER LAW CENTER LLC
8737 Colesville Road, Suite 307
Silver Spring, Maryland  20910
Telephone:  (301) 637-6270
Email:  phillip@marylandconsumer.com

*/s/ Michael Gregg Morin*
Michael Gregg Morin
Fed. Bar No. 15399
Post Office Box 778
Severn, Maryland  21144-0778
Telephone:  410.511.4340 / 855.623.6453
Facsimile:  855.329.6453
Email:  mikemorin.morinlaw@gmail.com

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all counts for which the Plaintiff has a right to a jury trial.

*/s/ Phillip R. Robinson*
Phillip R. Robinson
Fed. Bar. No. 27824
